## A03A0587. DOE v. HALL et al.

(579 SE2d 838)

BLACKBURN, Presiding Judge.

In this interlocutory appeal, "John Doe," the appellant, appeals the trial court's ruling that he was precluded from proceeding under a pseudonym. By motion, appellant sought to maintain his confidentiality in this action involving the allegedly improper disclosure of HIV confidential information. The trial court held that OCGA § 24-9-47 (y) (2) required appellant to bring suit in his own name. Because the trial court retains discretion to determine whether appellant may proceed under a pseudonym, we vacate the judgment and remand the case with direction. We do not address the appropriateness of plaintiff's specific requests for limitations in connection with his request to prosecute this case under a pseudonym.

As an initial matter, we must emphasize that this opinion considers only the trial court's ruling that OCGA § 24-9-47 (y) (2) requires appellant to bring this action in his own name, thereby removing any discretion the trial court might have to allow the use of a pseudonym. As the viability and merits of this case have not yet been reached by the trial court, such issues are not before us, and nothing in this opinion should be construed as a ruling thereon.

The record shows that appellant filed a complaint against David L. Hall, M.D., North Fulton Family Medicine, P.C., Blue Cross & Blue Shield of Georgia, Inc., and Laboratory Corporations of America. In his complaint, appellant alleged that Dr. Hall obtained body fluids from him to determine his HIV status. Appellant further alleged that Dr. Hall failed to submit the body fluids in an anonymous fashion for testing, and Dr. Hall and the other defendants were negligent in failing to maintain the anonymity and confidentiality of appellant's medical records. As a result of this alleged negligence, appellant complains that his HIV confidential information was improperly divulged and, as a result, he "lost his job and has suffered great damages." In addition, appellant filed medical malpractice claims against both Dr. Hall and North Fulton Family Medicine.

Appellant subsequently filed a motion for a protective order requesting that: (1) he be allowed to proceed with the litigation using the pseudonym "John Doe"; (2) all documents filed with the trial court refer to appellant as "John Doe" and be redacted as necessary to absolutely ensure his anonymity; and (3) appellant be referred to as "John Doe" in all proceedings by both counsel and witnesses and that members of appellant's family not be referred to by their true names. The trial court denied appellant's motion, finding that: (1) pursuant to the explicit terms of OCGA § 24-9-47 (y) (2), appellant was absolutely required to bring suit in his own name and (2) the

trial court had no discretion to allow the use of a pseudonym. Appellant now takes issue with this ruling.

Analysis of this issue requires a consideration of Georgia's statutory laws regarding HIV confidential information. OCGA § 24-9-40.1 states: "AIDS confidential information . . . disclosed or discovered within the patient-physician relationship shall be confidential and shall not be disclosed except as otherwise provided in Code Section 24-9-47." In turn, one such exception to nondisclosure, OCGA § 24-9-47 (y), provides:

> The protection against disclosure provided by Code Section 24-9-40.1 shall be waived and AIDS confidential information may be disclosed to the extent that the person identified by such information, his heirs, successors, assigns, or a beneficiary of such person, including but not limited to an executor, administrator, or personal representative of such person's estate: (1) Files a claim or claims other entitlements under any insurance policy or benefit plan or is involved in any civil proceeding regarding such claim; (2) *Places such person's care and treatment, the nature and extent of his injuries, the extent of his damages, his medical condition, or the reasons for his death at issue in any civil or criminal proceeding*; or (3) Is involved in a dispute regarding coverage under any insurance policy or benefit plan.

(Emphasis supplied.)

A claim that an individual or entity tortiously violated the confidentiality provisions of OCGA § 24-9-47 does not constitute an action for medical malpractice. See generally OCGA §§ 9-3-70 (defining action for medical malpractice); 9-9-60 (defining medical malpractice claim). To the contrary, such a tort claim is strictly statutory in nature, and any person or entity, not just a health care provider, may be subject to such an action if confidentiality is breached.

We now address whether appellant, by bringing this civil action regarding the improper disclosure of HIV confidential information, has triggered the nondisclosure exception of OCGA § 24-9-47 (y) (2). We find that he has not.

Appellant does not contend that either his care or treatment has been performed improperly, thereby affecting or creating his HIV status. He does not argue that the actual procedures of drawing blood or analyzing that blood for the presence of HIV were improperly performed. As such, appellant has not placed his care and treatment at issue in these proceedings. Appellant has only taken issue with the allegedly inappropriate disclosure of an accurate diagnosis resulting from proper care and treatment. Indeed, appellant freely admits his

HIV status and makes no allegations whatsoever that the defendants have affected his medical condition in any way. The suit now brought by appellant does not place at issue any physical or emotional injuries to appellant caused by either the presence of HIV in his system or the improper care and treatment for the virus. Instead, it is the alleged improper disclosure of appellant's medical condition and the injuries resulting from that disclosure that form the gravamen of this lawsuit.

In this situation, where the only allegation made in the civil action is that HIV confidential information has been improperly disclosed, the nondisclosure exception under OCGA § 24-9-47 (y) (2) has no application. To conclude otherwise would vitiate the nondisclosure protections of the statute for those who complain only of the improper disclosure of HIV confidential information. Under the trial court's ruling, one would be required to disclose their identity in suing for improper disclosure of that identity, which would defeat the purpose of the statute.

OCGA § 24-9-47 (y) (2) does not absolutely preclude a plaintiff from using a pseudonym in the prosecution of an improper disclosure of HIV confidential information case. Rather, the trial court may permit such prosecution in the sound exercise of its discretion. While plaintiff is not statutorily barred from the use of a pseudonym under the present facts, neither does plaintiff have an absolute right to bring suit under a pseudonym. A trial court must employ its sound discretion in determining whether or not a pseudonym may be used in each case, considering the effects of such decision on the rights of the individual parties and considering the right of the public to open judicial proceedings. The trial court is free to fashion its order on the use of a pseudonym, as justice may require, and indeed, must ensure that the rights of the parties to full discovery is not interfered with by the use of a pseudonym. The trial court should permit the use of plaintiff's real name where such use is required in order to ensure adequate discovery by the defendant. The trial court is free to use other devices, such as sealing certain records and orders of nondisclosure in conjunction with plaintiff's use of a pseudonym, in order to balance lawful discovery requirements, while providing all reasonable confidentiality.

In summary, in situations where a plaintiff files suit solely alleging that the defendant improperly disclosed HIV confidential information, or the nondisclosure exception is not otherwise applicable, the trial court retains discretion to determine whether, based on the specific facts of the case before it, the plaintiff should be allowed to prosecute the case under a pseudonym. Where the trial court in the exercise of its discretion permits plaintiff to proceed under a pseudonym, the court must address such disclosures as may be necessary to

ensure that discovery, as otherwise permitted by law, is not interfered with by plaintiff's use of a pseudonym.

*Judgment vacated and case remanded with direction. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 19, 2003.

*Carlton M. Bozeman*, for appellant.

*Fisher & Phillips, Griffin B. Bell, Jr., Thomas S. Grow, Carlock, Copeland, Semler & Stair, Jennifer L. Snyder, Dennis G. Lovell, Jr., Nall & Miller, Robert L. Goldstucker, Mark D. Lefkow, Michael R. Hurst*, for appellees.